DAWKINS, J.
Plaintiff brought this suit as the alleged forced heir of her deceased son, Joseph A. Bunol, against his widow and universal legatee, to recover certain sums of money alleged to have been advanced to deceased, and to have partitioned the movable effects belonging to his estate, together with a certain lot of ground and improvements situated in the city of New Orleans. She also alleged that there were seven other pieces of real estate of which the said deceased owned one-eighth as heir of his predeceased father, which undivided interest was vested in the defendant in this case and petitioner in the proportions of two twenty-fourths and one twenty-fourth, respectively; but that petitioner enjoyed a life usufruct thereon as surviving widow in community with her said husband, Jacinto Bunol, father of Joseph A: Bunol, which property she did not desire partitioned. Her prayer was for the sum of $4,526 against defendant as universal legatee of Joseph A. Bunol, deceased, and that the movable effects and property, known as Nos. 116-118 Dorgenois street, be sold by E. C. Carre, auctioneer, and that the parties be referred to Gus. A. Llambais, notary public, for the purpose of effecting and completing the partition.
Defendant admitted that she was, by last will, made the universal legatee of her said husband, and that she, as such, had been sent into possession. She denied certain other allegations of the petition, attacked the validity of the proceedings by which plaintiff had been recognized as widow in community and usufructuary of the estate of Jacinto *161 Bunol (father of respondent’s husband), pleaded estoppel against plaintiff as to any claim against the estate of Joseph A. Bunol, upon the ground that she had joined defendant in a petition to be sent into possession of his estate in which it was judicially alleged that there were no debts; denied that any sums had been furnished to said son, but, in the alternative, if such had been done, that the same were donations inter vivos by manual gift, and an accounting therefor could not be claimed until after the death of plaintiff. She also admitted that the fees of the notary and appraisers in the succession proceedings of her husband had not been .paid, but averred that same was due to the ■failure of the attorney for the succession to furnish her with the bills, together with his own bill for professional services, which she stood ready to pay if they were just and legal. Defendant further denied that the movable property and the premises, Nos. 116-118 Dorgenois street, could be partitioned for the reason that there were other necessary parties who were not before the court, to wit: Noel Bunol, Gertrude Bunol, and Marie Bunol, brother and sisters of Joseph A. Bunol, deceased. It was admitted, however, that the said property was not divisible in kind, that an amicable partition could not be had, and that a partition by licitation was necessary. She also averred that the plaintiff had waived her usufruct upon the remaining property belonging to the estate of Joseph A. Bunol, and that respondent was not willing to submit to a partial partition.
Defendant next proceeded to attack the inventory and probate proceedings in the matter of the succession of Jacinto Bunol, alleging that her husband, Joseph A. Bunol, was not bound thereby for the reason that he was a minor when same were had, and that no one was legally authorized to represent him; that the inventory did not include all the property belonging to said estate, much of which had been withheld in the name of the plaintiff, and that she should be compelled to account therefor with penalties. She further attacked said proceeding at length on other grounds, including the sale by plaintiff of certain property as usufructuary of said estate.
Respondent prayed that all proceedings in the present suit be stayed until proper parties should be brought before the court; that there be a full, complete, and definitive partition of all the property belonging to both estates (that is, of Jacinto and Joseph A. Bunol, deceased) by licitation; that the bequest to plaintiff by her husband of the usufruct of his estate be annulled; that she be penalized for failure to properly account for the property and effects of her said husband’s estate, especially as tutrix of respondent’s said husband, Joseph A. Bunol; that full and complete supplemental inventories of both said estates be made; that it be decreed that there are no debts due by the estate of Joseph A. Bunol; that in due course, all of the property belonging to both estates be sold by William J. Morgan, auctioneer, and that all parties be referred to Wm. H. Byrnes, Jr., notary public, for the purpose of effecting and completing -a full partition of all said properties left by the said decedents, Jacinto and Joseph A. Bunol; and that defendant be decreed entitled to the usufruct upon all the property of her deceased husband, Joseph A. Bunol.
A petition of intervention was filed by Louis H. Bums claiming a privilege upon the property and effects of the succession of Joseph A. Bunol, to secure his fees and expenses as attorney representing the said estate, including law charges incident to the probate proceedings. Defendant excepted that the said petition of intervention disclosed no cause of action, and, in the alternative, that it was premature.
On July 11, 1919, a 'stipulation was signed’ *164 by counsel representing plaintiff and defendant, and by the intervener in proper person, in which it was agreed:
“That this case shall be taken up during vacation on the 30th day of July, 1919, or on such other day as the court may order, and shall be tried and disposed of and the judgment rendered and signed, all as in term time, and if there be any appeal, the same may be taken by motion as well as by petition within the delays and in the manner prescribed, as if in term time.”
No note of evidence appears in the record, and we gather from the briefs that none was taken, but the ease seems to have been submitted upon the allegations of the petition and admissions of the answer. The intervention was never placed at issue by default or otherwise. Nothing whatever was said or done with respect to the numerous other issues which were disputed, and the sole question disposed of was the one of partition of the property prayed for by plaintiff; the judgment granting merely the “prayer of the petition.”
The minutes of the lower court were not copied into the original record filed in this court, but a supplemental transcript sent up on certiorari, discloses the following entries:
“Submitted July 30, 1919.
. “This case came on this day to be heard.
“All counsel of record being present.
“When, after hearing pleadings and argument of counsel, the court took this matter under .advisement.”
“Judgment September 20, 1919,
“This case having been heard and submitted to the court, and the court considering the law and evidence to be in favor of plaintiff, for the reasons orally assigned.
“It is ordered, adjudged and decreed that there be judgment in favor of plaintiff, Widow Leontine Bunol, granting her prayer for a partition of the property demanded in said plaintiff’s petition and restricting said partition to the property sought to be partitioned which is not burdened with any usufruct in her favor.
“It is further ordered, adjudged and decreed that the said property be sold by E. O. Garre, auctioneer, in this city, and parties be referred to Gustave A. Llambias, notary public, for the purpose of effecting and completing the said partition.”
On October 3d of the same year a judgment was signed granting to the plaintiff “her prayer for a partition of the property demanded in said plaintiff’s petition and restricting said partition to the property sought to be partitioned which is not burdened with any usufruct in her favor.”
Defendant has appealed and assigned ^even alleged errors “patent on the face of the record” as follows:
1. That the description of the property ordered to be partitioned is too vague and uncertain to be identified, is not designated as movable or immovable, nor is its location given.
2. That the judgment fails to name a notary or other functionary to supervise or conduct said partition.
3. That it fails to state whether an auctioneer or the civil sheriff shall sell said property if the said partition is to be by licitation.
4. That the said judgment fails to decree whether said partition shall be in kind or by licitation, or to hold that it is not susceptible of division in kind.
5. That said judgment is inconsistent with and repugnant to the minutes of the court dealing with said cause.
6. That the trial court erred in decreeing a partial partition without passing upon the liability of plaintiff for an accounting as natural tutrix of her said son, Joseph A. Bunol, and without passing upon her further liability to an accounting for the proceeds of certain property alleged to have been sold as usufructuary. -
7. That the court erred further in not passing upon the numerous other issues raised by the answer of defendant and appellee.
Opinion.
 It is sufficient to say that as to the other issues raised by the petition, answer, and *165 intervention, all parties agreed to submit and did submit the case to the court without evidence and upon the pleadings as they stood; and therefore the court below was justified in passing upon only such matters and things as to which the record before him permitted a decision. In such circumstances, the right to have judgment upon the issues not supported by proof must be held to have been waived. The litigants are therefore relegated to some other and future proceeding, if they wish a determination thereof.
The only questions before us are, first, as to whether the pleadings (allegations of the petition and admissions of the answer) disclose that the plaintiff is entitled to a partition of the property prayed to be partitioned ; and, if so, whether the judgment, as rendered, is sufficient to permit its execution.
In the first seven paragraphs of the petition plaintiff alleged that defendant was, by last will, made the universal légatee of the estate of Joseph A. Bunol, deceased, and as such put into possession of an undivided two-thirds of all his property; that the plaintiff, Mrs. Leontine Barrere, widow of Jacinto Bunol, had also been recognized as forced heir and sent into possession of the remaining one-third of the property belonging to said deceased. These seven paragraphs are admitted by the answer.
The eighth paragraph alleged that there belonged to the succession of the said Joseph A. Bunol the household furniture in the residence No. 116 S. Dorgenois street, in the city of New Orleans, as well as a promissory note for $700, signed by Mrs. Pierre Padel Marie Barrere et al., dated August 19, 1915, and that the said deceased also owned:
“A certain lot of ground, with all the rights, ways, privileges, and advantages thereunto belonging or in any wise appertaining, situated in the First district of this city, in the square bounded by Dorgenois, Canal and Bochablave streets and Cleveland avenue, and designated by the No. 5, said lot measures 32 feet front on Dorgenois street, by a depth of 117 feet 7 inches and 5 lines, between equal and parallel lines. Being the same property which was acquired by the said Joseph A. Bunol by purchase from Richard J. Kennedy by act passed before J. B. Rosser, Jr., notary, on March 3, 1910, and registered in C. O. B. 231, Folio 317.”
The said paragraph 8 also describes seven other parcels of real estate, in which the deceased was alleged to own an undivided one-eighth. interest, and of which he was placed in possession as an heir of the said Jacinto Bunol, deceased, subject to plaintiff’s alleged usufruct.
Defendant in her answer “admits same (paragraph 8) so far as the inventory recites, but for the reasons hereinafter averred, alleges that said inventory is erroneous and incomplete.”
By paragraph 15, the petition alleged that plaintiff was unwilling to remain longer in indivisión with defendant and desired a partition of:
“The furniture and^fixtures contained in the residence Nos. 116-118 Dorgenois street.
“The note for $600 of iSfrs. Pierre Pedal Marie Barrere and others.
“And the residence Nos. 116-118 Dorgenois street, fully described in the first described property herein.”
For answer to said fifteenth paragraph, the respondent averred:
“In answer to the allegations of paragraph 15 of said petition, defendant says that same sets forth conclusions of law only requiring no answer, but she avers that the relief asked for cannot be granted because all parties having an interest in and to the properties described in the petition of plaintiff and filed herein (and in which the plaintiff’s son has an interest) namely Noel Bunol, Gertrude Bunol, and Marie Bunol, were and are children also of petitioner and of the late Jacinto Bunol, and are not made parties hereto; that consequently no partition can in their absence legally be made or decreed.”
It would thus appear that as to the furniture, note, and the property Nos. 116-118 Dorgenois street, first described in section 8 *168 of the petition, the defendant admitted that it was owned by plaintiff and defendant in indivisión as alleged, in the proportions of one-third and two-thirds, respectively; so that the brother and sisters of deceased appeared to have no interest in this particular property. It was this furniture, note, and parcel of real estate alone of which a partition was demanded.
The prayer of the petition is:
“That a partition of the property demanded to be partitioned only be decreed; * * * that said property be sold by E. O. Carre, auctioneer, in this city to the last and highest bidder for cash; and that the parties be referred to Gus. A. Llambais, notary public, for the purpose of effecting and completing said partition.”
The lower court “decreed that there be judgment in favor of plaintiff, Widow Leon-tine Bunol, granting her prayer for a partition of the property demanded in said plaintiff’s petition and restricting said partition to the property sought to be partitioned which is not burdened with any usufruct in her favor;” and the minutes disclose that the court “further ord'ered * * * that the said property be sold by E. C. Carre, auctioneer, in this city, and the parties be referred to Gustave A. Llambais, notary public, for the purpose of effecting and completing said partition.”
While the judgment itself might have described the property to be partitioned in detail, and might have named the auctioneer to sell the property for cash and the notary who was to effect said partition, we think, construing it in connection with the minutes of the court, the petition, its prayer and admissions of the answer, it is made certain that the furniture, note, and real property known as Nos. 116-118 Dorgenois street, and specifically described as the first item of immovables in paragraph 8 of the petition, were ordered to be sold for cash by E. C. Carre, auctioneer, and that the parties were referred to Gustave A. Llambais, notary, for the purpose of effecting and completing the said partition.
Eor the reasons assigned, the judgment appealed from is affirmed, appellant to pay the costs of this appeal, all other costs to be paid out of the proceeds of the property to be partitioned before distribution.